104 So.2d 730 (1957)
James H. KING, Petitioner,
v.
STATE of Florida, Respondent.
Supreme Court of Florida.
September 25, 1957.
On Rehearing June 4, 1958.
Rehearing Denied September 10, 1958.
*731 Dan Chappell, Hilton R. Carr, Jr., and Herbert A. Warren, Jr., Miami, for petitioner.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
Certiorari denied without opinion.

On Rehearing Granted
PER CURIAM.
By an information filed in the Court of Crimes of Dade County, the petitioner King and two other persons, Carberry and Monroe, were charged with conspiring with one another and with one Moscovitz to violate §§ 849.01 and 849.25 of the Florida statutes, F.S.A., relating to the unlawful keeping or maintaining of a place for the purpose of gambling and to bookmaking, respectively. (It might be noted, parenthetically, that the defendants King and Carberry had previously been tried in the Criminal Court of Record for a violation of § 838.06, Fla. Stat. 1955, F.S.A., by accepting unauthorized compensation for the performance or nonperformance of their duty as police officers in connection with gambling and bookmaking activities, with the defendant Monroe being named as an accessory after the fact, and that all three defendants were acquitted by the jury.) The information further alleged that the defendants and Moscovitz did plan to set up and establish Moscovitz in the business of illegal bookmaking in a certain hotel room, therein described, and that the defendants would receive from Moscovitz pecuniary remuneration for so planning and conspiring with Moscovitz. It was alleged that, as a part of the conspiracy, the defendants King and Carberry, who were police officers of the City of Miami, would not arrest Moscovitz for keeping and maintaining the gambling room and would allow him to continue such illegal keeping and maintaining of the gambling room.
The evidence of the State's witness, Moscovitz, revealed that Moscovitz, acting pursuant to a plan of and as the agent of the Miami Crime Commission and the County Solicitor, established himself as bookmaker in the hotel room in question for the laudable purpose of ferreting out corruption in the police force of the City. From funds of the Crime Commission and the Dade County Commission, Moscovitz was paid a weekly salary and provided with expense money for the hotel room and his bookmaking activities. After he had been in operation about two weeks in the hotel room, Moscovitz made a telephone call under an assumed name to the police station, complaining of gambling going on in the hotel room. This call brought King and Carberry to the hotel room, where Moscovitz had planted a scratch sheet, racing form, and other bookmaking paraphernalia. According to Moscovitz, the arrangement whereby he would pay a weekly sum to the defendants for protection was thereafter agreed upon and several such payments were made by him during the next three or four weeks to the defendant Monroe, a taxicab driver, pursuant to instructions received from the defendant King. The "pay-off" money was, of course, also supplied from public funds. Moscovitz' testimony as to the "protection" agreement was denied by defendants.
The jury returned a verdict finding the defendants King and Monroe guilty, and the defendant Carberry not guilty. On appeal to the circuit court of Dade County, the judgment of conviction as to the defendants King and Monroe was affirmed. Upon the petition of King, certiorari to review the judgment of affirmance was denied by this court without opinion, and is now before the court on King's petition for rehearing.
*732 On the petition for rehearing we have reconsidered the question of whether the defendants King and Monroe could legally be found guilty of the conspiracy charged against them under the evidence adduced by the State. We have concluded that there was no legal justification for the judgment of conviction under the evidence.
Our statute, § 833.01, Fla. Stat. 1955, F.S.A., makes it a crime for two or more persons to conspire to commit  that is, themselves commit  "any offense". Here, the defendants King and Carberry were not charged with a conspiracy to accept unauthorized compensation for the performance or nonperformance of their duty as officers of the law, as denounced by § 838.06, Fla. Stat. 1955, F.S.A.; in fact, as noted above, these defendants had been previously informed against and tried for the substantive offense described in § 838.06 and acquitted by the jury. Thereafter, by the information filed against them in the instant case, they were charged with a conspiracy to commit the offenses denounced by § 849.01 and § 849.25. Where the information in a criminal case identifies with particularity the exact section of the statute upon which the charge is based, no other statute can be substituted for the one actually selected as forming the subject matter of the prosecution. Cf. Casadas v. People, 1956, 134 Colo. 244, 304 P.2d 626.
Sec. 849.01 denounces the keeping of a house or other place for any manner of gaming or gambling. Sec. 849.25 defines "bookmaking" as "the taking or receiving of any bet or wager upon the result of any trial or contest of skill, speed, power, or endurance of man, beast, fowl or motor vehicle" and provides that "whoever engages in bookmaking shall be guilty of a misdemeanor * * *". Although the information in the instant case charged that the defendants conspired "one with the other" (as well as with Moscovitz) to commit the offenses described in § 849.01 and § 849.25, the evidence does not support the charge.
Both an agreement and an intention to commit an offense are necessary components of the substantive offense of conspiracy. 6 Fla.Jur., Conspiracy, Sec. 5, p. 237; and see 89 U. of Penna. Law Review 624. Here, the agreement and the intention proved by the State was that Moscovitz would commit the offenses denounced by § 849.01 and § 849.25. The hotel room was to be kept and maintained by Moscovitz, not by the defendants; it was, in fact, so kept and paid for with public funds pursuant to the plan conceived by government officials for ensnaring, if not entrapping, corrupt police officers. It was Moscovitz, not the defendants, who was to "make book." Clearly, the participation of Moscovitz was an integral part of the plan, as proved by the State; without his complicity, the conspiracy  that is, the agreement and the intention  to commit the offenses charged is not proved.
But Moscovitz, in the circumstances here, is not criminally liable as a co-conspirator, see De Mayo v. United States, 8 Cir., 1929, 32 F.2d 472; Weathered v. State, 1935, 128 Tex.Cr.R. 263, 81 S.W.2d 91; nor can it be seriously contended that a government agent can be prosecuted for a violation of a criminal statute committed in the performance of his duty as such agent. We are cognizant of the fact that a punishable conspiracy may exist whether or not the crime intended to be accomplished by it was committed. But it is equally well settled that where one of two persons who conspire to do an illegal act is an officer acting in the discharge of his duty, the other person cannot be convicted on a charge of conspiracy. See Weathered v. State, 1935, 128 Tex.Cr.R. 263, 81 S.W.2d 91; Woo Wai v. United States, 9 Cir., 1915, 223 F. 412; State v. Dougherty, 1915, 88 N.J.L. 209, 96 A. 56, L.R.A. 1916C, 991. And counsel for the State has cited no case, and our independent research has revealed none, in which a conspiracy conviction against two or more persons has been upheld where the proof showed that some act essential to the crime charged as the object of the *733 conspiracy was performed by a government agent, acting in the line of duty. There are, however, decisions striking down such convictions. See Woo Wai v. United States, 9 Cir., 1915, 223 F. 412; State v. Dougherty, 1915, 88 N.J.L. 209, 96 A. 56, L.R.A. 1916C, 991; De Mayo v. United States, 8 Cir., 1929, 32 F.2d 472. Cf. Weathered v. State, 1935, 128 Tex.Cr.R. 263, 81 S.W.2d 91; O'Brien v. United States, 7 Cir., 1931, 51 F.2d 674; Bartkus v. United States, 7 Cir., 1927, 21 F.2d 425; Ventimiglia v. United States, 4 Cir., 1957, 242 F.2d 620.
In United States v. Wray, D.C.Ga. 1925, 8 F.2d 429, 430, relied upon by counsel for the State, Wray and another were accused of conspiracy to violate the Prohibition Act. The proof showed that one Russell, a revenue agent, by pretending to be a dealer in illicit whiskey, induced defendants to make sales to him. In holding that a verdict of not guilty could not properly be directed for the defendants and that the issue of conspiracy should be submitted to the jury, the court said: "If a purchaser and seller of liquor, both knowing the sale to be illegal, can be considered conspirators, still where the purchaser is an officer in the discharge of his duty, there is no indictable conspiracy. But here the indictment charges, also, that the two defendants conspired with one another, and there is evidence in support of this view of the case." Since the evidence is not set out in the opinion, it is impossible to tell whether the revenue agent's purchase of the illicit whiskey was an essential element of the violation of the Prohibition Act charged to be the object of the conspiracy. So this case is not authoritative here.
We hold, therefore, with what appears to be the weight of, if not the only, authority, that where two or more persons conspire with another who is, unknown to them, a government agent acting in the line of duty, to commit an offense under an agreement and an intention that an essential ingredient of the offense is to be performed by, and only by, such government agent, such persons may not legally be convicted of a conspiracy. As stated in Woo Wai v. United States, supra, 223 F. 412, 415, where a conviction of two persons who conspired with a government agent was reversed, "If no violation of the law was to be accomplished by the act of the defendants, it follows that they could not be held for conspiracy to do that act." Or, as stated in State v. Dougherty, supra, 96 A. 56, 57, "It [the State] cannot be permitted by splitting the single conspiracy in two to say one was criminal and other meritorious; that in one the councilmen [defendants] alone were involved, in the other `Harris' was also a party, when the fact is that `Harris' was a necessary party throughout. As the Supreme Court of the United States has recently said: `The character and effect of a conspiracy is not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.' United States v. Patten, 226 U.S. 525, 544, 33 S.Ct. 141, 145, 57 L.Ed. 333." See also Ventimiglia v. United States, supra, 242 F.2d 620, 625, which did not involve a government agent but which contains an excellent discussion of the principle of law here involved, and where it was said: "A legal impossibility might also, in many cases, be termed an inherent impossibility, in that the act, though consummated, would not be criminal, and consequently an attempt to or agreement to commit it would also not be."
Since all of the evidence adduced by the State in support of the charge of conspiracy made against the defendants, when given full face value, formed no legal basis for a conviction of such charge, an affirmance of such conviction by the Circuit Court was fundamental error amounting to a departure from the essential requirements of law reachable on a petition for certiorari.
Since the judgment of conviction must be reversed for the reasons above stated, it is not necessary to decide the other questions here presented by the petitioner.
Accordingly, we recede from our former judgment denying relief and grant the petition *734 for certiorari, and quash the order affirming the judgment of conviction with directions to remand the cause to the trial court for a new trial.
It is so ordered.
TERRELL, C.J., HOBSON and ROBERTS, JJ., and LOPEZ, Circuit Judge, concur.
DREW, THORNAL and O'CONNELL, JJ., dissent.