CARROLL, Judge.
This matter comes before us on a defendant’s petition for certiorari to review a judgment of the circuit court of Dade County reversing an order of the criminal court of record which quashed an information.
The information was in three counts. The first count charged the defendants with receiving or agreeing to receive payment, from a named applicant for a chauffeur’s license, to give the applicant a passing grade regardless of the outcome of his examination, in violation of § 322.32 (5), Fla.Stat., F.S.A.[1] Counts two and three charged the defendants with conspiracy in regard to the act alleged in count one. On motion of the defendants the criminal court of record quashed the information. The state appealed to the circuit court, which reversed.
Regarding count one we agree with the holding of the circuit court which was as follows:
“1. The Trial Court was in error by granting the motion to quash in holding that Count 1 of the information in question fails to allege a crime under Florida Statutes 322.32(5) in that the statute in question would apply to the applicant, and examiner or any other person who provided facts or information in connection with the issuance of a license as provided by the statute. The application must be considered in its entirety after being finally processed and completed.”
*22 As to counts two and three we hold the criminal court of record was eminently correct in concluding that those conspiracy counts should be quashed on authority of the case of King v. State, Fla.1958, 104 So.2d 730. Here the applicant for the license was a law enforcement officer posing as a civilian. Applicable to this case is the holding of the Supreme Court in the King case in which the Court said:
“ * * * We are cognizant of the fact that a punishable conspiracy may exist whether or not the crime intended to be accomplished by it was committed. But it is equally well settled that where one of two persons who conspire to do an illegal act is an officer acting in the discharge of his duty, the other person cannot be convicted on a charge of conspiracy. * * * ”
Accordingly we deny certiorari as to count one of the information, and grant certiorari and quash the circuit court’s holding as to counts two and three.
It is so ordered.

. Section 322.32, Fla.Stat., F.S.A. provides in part as follows:
“It is a misdemeanor for any person: *****
“(5) To use a false or fictitious name in any application for an operator’s or chauffeur’s license, or to knowingly make a false statement, or to knowingly conceal a material fact, or otherwise commit a fraud in any such application.