THOMAS, Justice.
The decision of the District Court of Appeal is certified to us as passing upon a question of great public interest. We are left, presumably, to our own devices to determine just what facet of the litigation arouses the interest of the public. The statement is qualified by the very general one that effectiveness of law enforcement is involved. So there is no attempt in the certificate to isolate the important question said to have been decided.
We said in Zirin v. Charles Pfizer & Co., 128 So.2d 594 (Fla.1961), that while our jurisdiction of questions certified under Section 4(2) of Article V of the Constitution, F.S.A., vested upon certification there was no requirement that this court decide *883 the case. And in Duggan v. Tomlinson, 174 So.2d 393, we commented that “it would he of great assistance to this Court in reviewing the case if, in such instances, the district court would clearly set forth in such certificate the question or questions which in its opinion is of such public interest as to bring the decision within the orbit of the constitutional provision.”
In this connection it seems pat to quote the relevant part of Section 4(2) of Article V: “The supreme court may review by certiorari any decision of a district court of appeal * * * that passes upon a question certified by the district court of appeal to be of great public interest * * We have italicized the language that would appear to modify the “question” contemplated by the certifying court.
Under the rule that once we assume jurisdiction, we will dispose of the whole case, and despite the apparent inadequacy of the certificate we proceed, albeit reluctantly, to the determination of the issues entertained by the District Court of Appeal.
The State Attorney filed an information against Joaquin Cruz, a driver’s license examiner, and three other persons.
In the first count it was charged that Cruz and the three other persons committed a fraud in dealing with an application for a chauffeur’s license under Section 322.12, Florida Statutes, F.S.A., receiving or agreeing to receive from the applicant, one Jorge Palma, a payment in cash to pass the applicant even though the applicant might fail the examination, a violation of Section 322.32(5), Florida Statutes, F.S.A.
In the second count it was charged that Cruz and the same three other persons, in violation of Section 322.32(5) and 833.05 (1), Florida Statutes, F.S.A., entered into a conspiracy for the payment of $2 hundred to secure passage of the examination for a chauffeur’s license by one Jorge Palma, alias Jorge Staphylaris, whether or not he was successful in the test. This money was stated to have been delivered by Palma to one of the conspirators, other than Cruz. In furtherance of the scheme, it was continued in the information, the recipient of the money, one Cira Olga Mon-tano, gave to Palma a card with the name “Cruz and the code name Barbara” upon it and instructed Palma to ‘contact’ Cruz who would give him a passing grade in his examination. This negotiation eventuated in passing Palma though in truth he failed the test.
This brings us to the third and last count in which Cruz and the same other three persons were alleged to have conspired to commit an act against public morals and the obstruction of justice as denounced by Section 833.05(4) and the allegations of the devious method employed and the evil result obtained were the same as those averred in the second count.
Cruz moved to quash all three counts of the information and during the hearing of the motion it developed that Palma, the applicant for the license, was in fact a member of the police force on active duty. Parenthetically, this news must have been received to the chagrin of Cruz.
The Criminal Court of Record granted the motion on the ground that the first count alleged a violation of Section 322.32(5) which relates only to false statements in applications for licenses without pertaining to alleged fraud of an examiner. The court held that inasmuch as that count did not charge a substantive offense, the second and third counts alleging a conspiracy to commit it were insufficient also. Moreover, the court had the opinion that under the ruling of this court in King v. State, Fla., 104 So.2d 730, Palma having been a police officer on duty, the other alleged conspirators could not be convicted of conspiracy. This ruling likewise eliminated the charge based on Section 833.05(4) even if the facts alleged could be construed to have constituted a conspiracy to commit an act “injurious to the public health or public morals, or for the prevention or obstruction of justice,” which, strictly speaking, they could not.
*884 The order quashing the information was taken by the State to the Circuit Court where it was reversed outright. Then Cruz filed a petition for certiorari in the District Court of Appeal, Third District. The appellate court in a decision in 181 So.2d 20 affirmed the reversal of the Circuit Court as to the first count and quashed the •order of reversal as to the second and third counts. So the first count was reinstated and the second and third counts were eliminated.
We find no reason to disturb the ruling of the District Court of Appeal with reference to the second and third counts. However, we are in disagreement with the district court’s ruling on the first count. It was planted squarely on Section 322.32(5) and, as we have seen from the analysis of the charge, the statute is directed to misconduct by applicants. The pertinent part of it provides that “[i]t is a misdemeanor for any person * * * [t]o use a false or fictitious name in any application for * * * [a] chauffeur’s license, or to knowingly make a false statement, or to knowingly conceal a material fact, or otherwise commit a fraud in any such application.” (Emphasis added.) The precise language appears in Section 44 of the parent act, Chapter 19551, Laws of Florida, Acts of 1939, whence it was brought forward in the 25th Anniversary Edition (1965) of the Continuous Revision System in Florida.
 Construing the section strictly as must be done, it applied to misdeeds by applicants and the accused was no applicant but an examiner.
We are constrained to quash that part of the decision of the District Court of Appeal dealing with the first count of the information. The remainder of the decision treating of the second and third counts is not disturbed.
THORNAL, .C. J., and O’CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.
ERVIN, J., dissents.