312 So.2d 247 (1975)
Joe BORDERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1067.
District Court of Appeal of Florida, Third District.
April 1, 1975.
Rehearing Denied May 21, 1975.
*248 Gerald Kogan, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This appeal considers defendant's conviction by non-jury trial for conspiracy to commit the misdemeanor of bookmaking and his sentence therefor to 45 days in the Dade County Jail.
The thrust of the appeal is that the court erred in entering a judgment of guilty as the evidence was insufficient to show that the defendant had agreed with others to commit an illegal act. Borders, the defendant, contends that the law requires proof of such agreement, not just circumstantial evidence.
The State contends that there was sufficient evidence of a conspiracy as alleged, that it was not necessary to prove a specific conversation in which an agreement was made but that circumstantial evidence of a conspiracy is sufficient for conviction. We agree.
A person charged with a crime may be convicted solely on the basis of circumstantial evidence. Navarro v. State, Fla.App. 1972, 262 So.2d 729, 731. See also Williams v. State, 1917, 73 Fla. 1198, 75 So. 785, 788, and Chason v. State, 1941, 148 Fla. 540, 4 So.2d 691. Proof of a formal agreement is not necessary to establish the existence of a conspiracy. United States v. Amato, 5th Cir.1974, 495 F.2d 545. Indeed it is well recognized that the existence of a conspiracy or confederation can and will be inferred from circumstantial evidence as indicative of an overall plan. Bass v. State, Fla.App. 1965, 172 So.2d 614, 617; United States v. Nadaline, 5th Cir.1973, 471 F.2d 340. See also United States v. Edwards, 5th Cir.1974, 488 F.2d 1154.
Our review of the record indicates that sufficient evidence was presented to the court to support the judgment of conviction for conspiracy to commit a misdemeanor, to-wit: bookmaking, and, therefore, this conviction and the sentence imposed by the trial court hereby are affirmed.
Affirmed.