348 So.2d 403 (1977)
The STATE of Florida, Appellant,
v.
William Arthur LAMB, James Hubert Scarberry, Emery Paul Zerick, Appellees.
No. 76-2245.
District Court of Appeal of Florida, Third District.
July 26, 1977.
*404 Richard E. Gerstein, State Atty., and Paul M. Rashkind, Asst. State Atty., for appellant.
Jack R. Nageley and Bernard A. Frank, Miami Beach, for appellees.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendants William Arthur Lamb, James Hubert Scarberry, Emery Paul Zerick and William Lane Dabney were charged in a six-count indictment with various offenses, including conspiracy to receive stolen property. Each defendant filed a motion to dismiss the count charging conspiracy. Following an evidentiary hearing, the trial court granted the motions of Lamb, Scarberry and Zerick, appellees herein, and denied the motion of defendant Dabney. The State takes this interlocutory appeal, and raises as its sole point that the trial court erred in dismissing the conspiracy count as against the three defendant-appellees.
The defendants were charged under Section 777.04(3), Florida Statutes (1975), which provides that,
"Whoever shall agree, conspire, combine, or confederate with another person or persons to commit any offense commits the offense of criminal conspiracy . ."
The nature of proof necessary in a conspiracy case is discussed in Borders v. State, 312 So.2d 247 (Fla.3d DCA 1975), in which the defense alleged that there was insufficient evidence to show that the defendant had agreed with others to commit an illegal act and that the law required proof of such agreement, not just circumstantial evidence. This court found that it was unnecessary to prove a specific conversation in which an agreement was made and that circumstantial evidence of a conspiracy is sufficient for conviction. In affirming the conspiracy conviction this court held:
"A person charged with a crime may be convicted solely on the basis of circumstantial evidence... . Indeed it is well recognized that the existence of a conspiracy or confederation can and will be inferred from circumstantial evidence as indicative of an overall plan." (citations omitted) Borders v. State, supra, page 248.
In this case, the evidence in the record reflects both specific agreements among the co-conspirators, as well as circumstantial evidence of the conspiracy. The testimony presented before the trial judge shows that five City of Miami Beach police officers agreed among themselves to distribute the proceeds of money stolen by one of the officers from the scene of a burglary. For example, at the scene of the burglary, Zerick gave $100.00 to Officer Borchers; shortly after leaving the scene, Borchers had a discussion with Dabney about the distribution of the stolen money; Borchers also discussed the distribution of the money with Lamb and Scarberry and later at the police station with Zerick; at times separate and distinct from these conversations, Borchers distributed $25.00 each to Lamb, Scarberry and Dabney.
The applicable law of conspiracy is set out in Bass v. State, 172 So.2d 614, 617 (Fla.2d DCA 1965), as follows:
"Where an accused is charged as a principal in the commission of an unlawful act under the theory of conspiracy or confederation to commit the unlawful act, it is not essential to show an express agreement or understanding between the parties made previous to or during the commission of the unlawful act. If an accused is present, aiding and abetting in the commission of the crime, and consciously shares in the commission of the act, he thereby becomes a principal. The community of unlawful purpose, that is, the conspiracy or confederation, need not be shown by positive evidence, and the Jury may infer from all the circumstances surrounding and accompanying the act that the common purpose to commit the crime existed. It is immaterial whether the confederation resulted from a premeditated agreement to commit the act, or whether it arose on the spur of the *405 moment, for where two or more persons conspire and confederate to commit an unlawful act, each makes the other his agent, and each is responsible for the acts committed pursuant to the common purpose." (citations omitted)
We are of the opinion that the acts of the defendants fall within the dictates of Bass, supra, and that the trial court erred in dismissing the conspiracy count as to Lamb, Scarberry and Zerick. The evidentiary issues are for resolution by a jury.
Reversed and remanded with instructions to reinstate the charge of conspiracy.