390 So.2d 779 (1980)
Robert S. McCAIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2066.
District Court of Appeal of Florida, Third District.
November 25, 1980.
Alfonso C. Sepe and Alan R. Soven, Miami, for appellant.
Jim Smith, Atty. Gen., and Susan Minor, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and NESBITT, JJ.
HENDRY, Judge.
Robert McCain was charged by information with conspiracy to sell, deliver, possess or possess with intent to sell or deliver marijuana in violation of Section 777.04, Florida Statutes (1979). The information charged that McCain and a John Doe (known as "Tommy") conspired with each other and with Ron Braswell. Tommy was never located or arrested. Defendant McCain was tried without a jury and convicted; the conviction did not specify with whom McCain had conspired.
The undisputed evidence reveals that Ron Braswell, acting undercover for the state, established himself as a dealer in marijuana. Defendant and Tommy went to Braswell's office where the ensuing conversation was recorded by Braswell. At trial, this tape was admitted into evidence by stipulation of the parties. While Tommy remained in the waiting room, the defendant and Braswell discussed the purchase of a large quantity of marijuana by the defendant for resale. When asked how much he was interested in purchasing, the defendant said he would check and called Tommy into the room. At this point the taped conversation proceeded as follows:
McCain: Ron, this is Tommy.
Braswell: Hi, Tommy.
McCain: We're talking about 500 to start. Ron said how much money, for example, could these guys come up with, say earnest money?
Tommy: Okay. I suppose-you're talking about 500. They could probably come up with enough to cover 200 pounds of it. I've been along the figure of 400 because the guy that usually does the transporting of it uses his own vehicle about all the time. He holds 400 pounds in it.
McCain: So we want four instead of five, so we can pay for half of it up front.
Braswell: All right, may be able to put this together tonight.
McCain: Beautiful.
*780 After Tommy left the room, the conversation continued. At one point the defendant told Braswell:
McCain: I told Tommy, I said, now what we'll do is do this pot deal with Ronny, then I want him to have first crack on the ki's, and his people have agreed to that. They don't know your name or anything. Of course, I told them, I said, I'll talk to Ron and get this pot deal going... .
Defendant assigns as error the trial court's denial of his motion for judgment of acquittal at the close of the state's case. Specifically, defendant argues that the evidence was insufficient to prove the existence of an agreement or conspiracy between Tommy and the defendant. Therefore, the defendant reasons, the conviction must be overturned on the authority of King v. State, 104 So.2d 730 (Fla. 1958), which holds that where one of two persons who conspire to do an illegal act is an officer acting in the discharge of his duties, the other person cannot be convicted on a charge of conspiracy. We have carefully examined the record in light of the contentions presented and find no error has been shown.
We first address defendant's argument that the state failed to prove the existence of an agreement between the defendant and Tommy. This court has previously considered the nature of proof necessary in a conspiracy case. As defendant points out, an agreement is the essential element of the crime of conspiracy. However, direct proof of an agreement is not necessary to establish a conspiracy; the jury is free to infer from all the circumstances surrounding and accompanying the act that the common purpose to commit the crime existed. State v. Lamb, 348 So.2d 403 (Fla. 3d DCA 1977). We have also held that it is not necessary to prove a specific conversation in which an agreement was made:
A person charged with a crime may be convicted solely on the basis of circumstantial evidence... . Proof of a formal agreement is not necessary to establish the existence of a conspiracy... . Indeed it is well recognized that the existence of a conspiracy or confederation can and will be inferred from circumstantial evidence as indicative of an overall plan.
Borders v. State, 312 So.2d 247 (Fla. 3d DCA 1975), cert. denied 327 So.2d 31 (Fla. 1976) (citations omitted).
In the present case, the record reveals not only circumstantial evidence indicating a common purpose to commit the crime, but also a specific agreement between the defendant and Tommy. We find that there was sufficient evidence from which the trial judge could have concluded that the defendant conspired with Tommy to sell, possess or deliver marijuana.
Defendant's remaining contention, that King v. State, 104 So.2d 730 (Fla. 1958) requires reversal, must also fail. In King, the Florida Supreme Court reversed the conspiracy conviction of two defendants upon a finding that although they were charged with conspiring with each other and with a government agent to violate the gambling statutes, the only conspiracy shown by the evidence was a conspiracy with the agent. The government agent in King was to perform an act essential to the crime charged as the object of the conspiracy, and since there was no evidence tending to show that the defendants ever conspired with each other, the court reasoned that the convictions must be reversed. The natural conclusion reached was that there can be no conspiracy where one of the two conspirators lacks the requisite criminal intent; the court drawing a distinction between the situation in King and cases where there is evidence that the defendants conspired with one another as well as the government agent.
Since we have concluded that there was sufficient evidence from which the trier of fact could have found that the defendant conspired with Tommy as well as with the agent, we are satisfied that the instant case is distinguishable from King v. State, supra. Accordingly, the conspiracy conviction is affirmed.
Affirmed.