399 So.2d 459 (1981)
STATE of Florida, Appellant,
v.
Robert L. BRANDON, Appellee.
No. 80-155.
District Court of Appeal of Florida, Second District.
June 3, 1981.
*460 Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellant.
Frank Louderback of Louderback & McCoun, St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
Appellee Brandon was charged by information with conspiracy to commit the crime of possession of in excess of 100 pounds of cannabis. Appellee filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The trial court granted appellee's motion and discharged him. We reverse.
Appellee's amended motion alleged the following facts:
(a) In late March 1979, Detective Cavaliere was introduced to Lawrence Smith by a confidential informant for the purpose of attempting to purchase a quantity of quaaludes.
(b) After it was determined that Smith would be unable to supply the quaaludes, Smith proposed to Cavaliere that Smith would arrange for the importation of a quantity of marijuana.
(c) Cavaliere, at that point, realizing that at most Smith had committed solicitation to commit a crime, informed Smith that he wanted to meet all of the persons who would be involved in the importation scheme.
(d) On April 5, 1979, Smith introduced the defendant, ROBERT L. BRANDON, III, to Detective Cavaliere at the Ramada Inn-Countryside, Clearwater, Pinellas County, Florida, in a room which had been obtained by Cavaliere and had been wired for the interception of communications.
(e) After meeting Cavaliere, BRANDON left the room and a conversation took place between Smith and Cavaliere as to the particulars of the proposed importation. It was agreed that Cavaliere would give Smith the sum of $10,000.00 as front money since neither Smith nor BRANDON had the funds to facilitate the proposed importation.
(f) The proposed importation would have been impossible without the participation of Detective Eugene Cavaliere by his supplying of the funds to carry off the importation scheme.
3. Where two or more persons conspire with another who is, unknown to them, a government agent acting in the line of duty, to commit an offense under an agreement and an intention that an essential ingredient of the offense is performed by and only by, the government agent, such persons may not legally be *461 convicted of a conspiracy. See, King v. State, 104 So.2d 730 (Fla. 1958).
4. There are no disputed facts and the undisputed facts do not present a prima facie case of guilt against the accused.
The State's demurrer added the following additional facts:
Prior to Det. Cavaliere meeting the Defendant at the Ramada Inn, Smith had advised Cavaliere that Brandon's participation in the transaction would be in the procurement of a plane and being present at the landing site where the marijuana was to be delivered. While Brandon was out of the motel room at the Ramada Inn, Smith and Cavaliere discussed in detail the transaction with the aid of a map of Columbia provided by Smith and Smith's handwritten notes. When Brandon returned to the room, the map was still clearly visible and discussions continued about the transaction, Brandon indicating he would go long with whatever Smith wanted to do. Brandon and Smith both asked how much tonnage Cavaliere could handle a month and Brandon stated he could dispose of approximately four or five tons a month for Cavaliere. The initial trip was to be for 1,000 pounds of marijuana. Cavaliere was to supply the funds for the trip to Columbia. All other aspects of the importation were to be carried out by Smith and/or Brandon.
The bases for appellee's motion to dismiss are: 1) that the undisputed facts do not present a prima facie case of guilt, and 2) that the rule of King v. State, 104 So.2d 730 (Fla. 1958), precludes his conviction for conspiracy to possess cannabis. As to appellee's first point, we hold that the facts contained in the motion in conjunction with the State's demurrer are more than sufficient to set out a prima facie case of guilt against appellee. The elements of conspiracy require an agreement and an intent to commit the offense charged. Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979). Appellee was not only aware of the details of the proposed transaction, but indicated that he would "go along with whatever Smith wanted to do." He inquired as to how much tonnage Detective Cavaliere could handle a month and stated that he could dispose of approximately four or five tons a month. If appellee's first point were the only one before us, this appeal could be disposed of easily; however, appellee's second point forces us to confront a difficult question in light of the Florida Supreme Court's rule in King v. State.
It was obviously on the basis of the King decision that the trial court granted appellee's motion to dismiss. The portion of King at issue is the holding that
where two or more persons conspire with another who is, unknown to them, a government agent acting in the line of duty, to commit an offense under an agreement and an intention that an essential ingredient of the offense is to be performed by, and only by, such government agent, such persons may not legally be convicted of a conspiracy. (emphasis ours)
King v. State at 733.
In King, the facts reveal that almost all of the criminal activity was performed by the police agent. The agent agreed to commit the offense of gambling and bookmaking; to keep and maintain the hotel room with public funds; and to provide protection money for the corrupt police with public funds. The court noted that although the information charged that the defendants conspired with each other as well as with the police agent to commit the offenses, the evidence did not support that charge. Rather, the agreement and the intention proved by the State was that the police agent would commit the offenses. Since the agent's participation was an integral part of the plan, without his complicity the conspiracy was not proven. The court cited with approval the case of Woo Wai v. United States, 223 F. 412 (9th Cir.1915), in which a conviction of two persons who conspired with a government agent was reversed. That court stated:
If no violation of the law was to be accomplished by the act of the defendants, it follows that they could not be held for conspiracy to do that act.
*462 Thus, the King court set out the rule that a conspiracy conviction against two or more persons cannot result where the proof shows that some essential ingredient of the substantive crime was performed by, and only by, a government agent acting in the line of duty.[1]
The question before us is not whether a conspiracy occurred, since the facts in the motion to dismiss and the State's demurrer set out a prima facie case, but whether appellee can be convicted of the conspiracy in view of the police officer's participation.
We believe that the King court used the phrase "essential ingredient of the offense" to mean "essential element of the offense." Appellee was charged with conspiracy to commit the substantive offense of possession of cannabis. The essential elements of the offense of possession are the knowledge of the presence of the contraband and the ability to maintain control over it or reduce it to possession. Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977). We do not believe that the police officer's offer to supply the funds for the trip to Columbia is an essential element of the crime of possession. As the State argued, the act of supplying the money may be a necessary ingredient to the success of the criminal enterprise but is not one of the two essential elements of the crime (knowledge and ability to control) which the State is required to prove.
In summary, we construe the rule in the King case to mean that a conspiracy conviction is prohibited under the factual circumstances of this case, where the government agent, by himself, commits one or more of the legally recognized elements of the crime charged.[2] The rule does not apply to situations where the government agent's participation is tangential to the gravamen of the substantive offense. Therefore, we reverse the trial court's granting of appellee's motion to dismiss pursuant to Florida Rule of Criminal Procedure 1.190(c)(4) and remand the cause for further action not inconsistent with this opinion.
GRIMES and CAMPBELL, JJ., concur.
NOTES
[1] We agree with the Fifth Circuit Court that "The King approach is inconsistent with the basic principle that a conspiracy is proved when it is established that two or more persons agreed to commit an offense and one of them engaged in an overt act in furtherance of the agreement." United States v. Seelig, 498 F.2d 109 (5th Cir.1974).

The instant case, as well as Seelig, deals with situations where there are two or more co-conspirators involved, excluding the government agent. We do not address the rule which prohibits conviction for conspiracy where only two persons are involved and one of them is a government agent.
[2] In McCain v. State, 390 So.2d 779, 780 (Fla. 3d DCA 1980), the appellate court held:

Since we have concluded that there was sufficient evidence from which the trier of fact could have found that the defendant conspired with Tommy as well as with the agent, we are satisfied that the instant case is distinguishable from King v. State, supra. Accordingly, the conspiracy conviction is affirmed.