413 So.2d 429 (1982)
Eugene MARTINEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-700.
District Court of Appeal of Florida, Third District.
May 4, 1982.
Bennett H. Brummer, Public Defender and Howard K. Blumberg and Andrew M. Kassier, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Eugene Martinez appeals from two orders of the trial court: an order revoking his probation and imposing concurrent sentences of fifteen years and five years incarceration for the original charges of burglary of a dwelling and grand theft in the second degree, and an order of final judgment of conviction and sentencing entered following a nolo contendere plea to *430 charges  filed by information  of armed robbery and kidnapping committed while he was on probation.[1] Testimony on the robbery and kidnapping charges was presented at the probation violation hearing. At the subsequent hearing on the plea of nolo contendere, pursuant to Florida Rule of Appellate Procedure, 9.140(b)(1), Martinez specifically reserved the right to appeal the issue of whether the robbery and kidnapping were foreseeable consequences of a conspiracy to sell a large amount of marijuana  over $85,000.00 worth.
Martinez along with Alex Garcia had arranged for the sale of marijuana between David McConnell, the buyer and "victim," and sellers Leigh Carracino and Marty Cohen. At Martinez's suggestion, McConnell, carrying $85,000.00 in a brown paper bag, met with Martinez, Martinez's girlfriend, Garcia, Leigh, and Marty in the Hotel Mutiny to complete the transaction. The "sellers" failed to produce the marijuana and instead pulled a gun on McConnell. Marty and Leigh then handcuffed and bound the legs of McConnell and Garcia. Marty, Leigh, Martinez and his girlfriend left with the money. Martinez drove the group to the Carriage House. Martinez was given $5,000.00 of that money.
The general rule is that a co-conspirator is criminally responsible for a crime committed in pursuance of the common purpose or which results as a natural and probable consequence of the conspiracy. This is so even if the criminal act was not intended as part of the original design or the co-conspirator did not participate in the act. A co-conspirator is not responsible, however, for an act in which he did not participate if that act is not the natural and probable outcome of the common design, but is instead an independent act of some of the party, conceived by others and outside the common purpose. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); United States v. Sullivan, 578 F.2d 121 (5th Cir.1978), United States v. Moreno, 588 F.2d 490 (5th Cir.1979), cert. denied, 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 666 (1979); Pope v. State, 84 Fla. 428, 94 So. 865 (1922); State v. Lamb, 348 So.2d 403 (Fla. 3d DCA 1977); Davis v. State, 275 So.2d 575 (Fla. 1st DCA 1973), cert. denied, 280 So.2d 684 (Fla. 1973). It is a question of fact, as to whether there is a conspiracy, see, e.g., McCain v. State, 390 So.2d 779 (Fla. 3d DCA 1980), pet. for rev. denied, 399 So.2d 1144 (Fla. 1981); Bass v. State, 172 So.2d 614 (Fla. 2d DCA 1965), and whether the act charged is a natural and probable consequence of that conspiracy, see United States v. Moreno, supra; United States v. Monroe, 552 F.2d 860 (9th Cir.1977), cert. denied, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1069 (1977). See, e.g., El Ranco, Inc. v. First National Bank of Nevada, 406 F.2d 1205, 1216 (9th Cir.1969); Berry v. State, 248 Ga. 430, 283 S.E.2d 888 (Ga. 1981), citing Gore v. State, 162 Ga. 267, 134 S.E. 36 (1926); The Anarchists' Case, Spies v. People, 122 Ill. 1, 12 N.E. 865 (Ill. 1887); Lusk v. Mississippi, 64 Miss. 845, 2 So. 256 (1887). For cases applying the sufficiency of evidence test to appellate review of conspiracy cases, see generally United States v. Marszalkowski, 669 F.2d 655 (11th Cir.1982); United States v. Gonzalez, 661 F.2d 488 (5th Cir.1981); United States v. Martino, 648 F.2d 367 (5th Cir.1981).
The trial court acting as trier of fact found that Martinez had entered into a conspiracy with Leigh and Marty to obtain money from McConnell by unlawful means, specifically, that Martinez was a co-conspirator for the unlawful sale of controlled substance, marijuana. The court also found as a matter of fact that in this case the robbery and kidnapping were a foreseeable consequence of the planned sale of a large quantity of marijuana. Giving appropriate consideration to experience in this community, we think the court's second factual finding  that robbery and kidnapping are a foreseeable consequence of a conspiracy to *431 effect a large drug transaction  was legally permissible.
Affirmed.
NOTES
[1] The trial court sentenced Martinez to fifteen years incarceration for armed robbery and fifteen years incarceration for kidnapping. The sentences were to run concurrent with each other and with the sentences for burglary of a dwelling and grand theft.