426 So.2d 977 (1982)
STATE of Florida, Appellant,
v.
Peter CRISTODERO, John James Rossi, and William Peter O'Donnell, Appellees.
No. 82-102.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Rehearings Denied March 11, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellant.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for appellees-Rossi and Cristodero.
Robert C. Stone and Craig K. Satchell of Stone, Dell & Schaefer, P.A., Hollywood, for appellee-O'Donnell.
DOWNEY, Judge.
The State seeks reversal of an order dismissing an information charging the appellees, Cristodero, Rossi, and O'Donnell, with conspiracy to traffic in cannabis and also charging appellee Rossi with possession of a firearm while engaged in a criminal offense.
The uncontroverted facts are set forth in the orders appealed from. Paraphrased, the facts are that a Fort Lauderdale police officer, Kotrady, while in New York, met *978 appellee Cristodero. During a conversation about Fort Lauderdale, Cristodero inquired about the price of marijuana in Fort Lauderdale. Cristodero advised Kotrady that he went to Fort Lauderdale from time to time and bought a truck load of marijuana. Kotrady gave Cristodero his number and some months later Cristodero called him inquiring about the possibility of a drug buy. Negotiations between the two ensued and a meeting was arranged at a local restaurant. During the meeting, Cristodero requested that Kotrady add ten cents a pound to the asking price without Cristodero's partners' knowledge, so that Cristodero could make a little extra on the deal. The following day they met again and Cristodero introduced Kotrady to appellees Rossi and O'Donnell. Kotrady advised them he had a bale of marijuana in the trunk of his car; so the group repaired to Kotrady's car to view the sample bale of marijuana. There, they discussed the product and possible future drug deals. Arrangements were then made to meet at another restaurant to consummate the deal. At the appointed time, after the arrival of Kotrady and another undercover agent, Cristodero arrived driving a van, which he parked next to Kotrady's vehicle. Shortly thereafter, a Cadillac arrived bearing Rossi and O'Donnell. Kotrady advised them he had the load of marijuana but wanted to see the money. At O'Donnell's direction, Rossi opened the Cadillac trunk by a button inside the car and O'Donnell showed the officers a suitcase containing $240,000. After a second viewing of the money by the other agent, who allegedly was the real seller, a signal was given to the back-up team of officers and they moved in and arrested appellees.
Motions to dismiss were filed by Rossi and O'Donnell contending that the material facts upon which the prosecution was based were not in dispute and those facts did not prove a prima facie case of guilt. Cristodero's motion did not assert this ground, but contained other alleged deficiencies in the information. A hearing on said motions resulted in the order under review. The trial court ruled that, upon authority of King v. State, 104 So.2d 730 (Fla. 1958), and State v. Brandon, 399 So.2d 459 (Fla. 2d DCA 1981), the uncontroverted facts were insufficient to convict appellees. We, of course, cannot quarrel with the holding in King because it is a determination by our Supreme Court, albeit a four to three decision. However, we are convinced that reliance on that case by appellees and the trial court is misplaced. We are of the view that the factual situation presented herein renders the King rule inapplicable.
Two of the subsequent cases analyzing the holding in King are relevant to the present case and, at the risk of tedium, we will quote generously therefrom.
In the King case, three police officers of the City of Miami, King, Carberry, and Monroe, were charged with conspiring with Moscovitz and with one another to violate statutes relating to the unlawful keeping or maintaining a place for the purpose of gambling and bookmaking. The information alleged that the defendants planned to set up Moscovitz in the business of illegal bookmaking in a hotel room and that the defendants would protect Moscovitz from arrest for all of which Moscovitz would compensate them. The evidence showed that the violations of the gambling laws alleged in the information were to be committed by law enforcement agent Moscovitz, not by defendants. A jury found King and Monroe guilty, but on certiorari the Supreme Court of Florida reversed. The Court pointed out that the defendants were not charged with conspiracy to accept unlawful compensation; they were charged with conspiring to violate the state gambling laws but the proof showed that the agreement was that Moscovitz alone, not the defendants, was to commit the crimes. More importantly, the evidence did not support the charge that the defendants conspired with each other to commit the gambling offenses. Therefore, the Court held the convictions invalid, stating:
We hold, therefore, with what appears to be the weight of, if not the only, authority, that where two or more persons conspire with another who is, unknown to them, a government agent acting *979 in the line of duty, to commit an offense under an agreement and an intention that an essential ingredient of the offense is to be performed by, and only by, such government agent, such persons may not legally be convicted of a conspiracy. 104 So.2d at 733.
The Second District Court of Appeal, in State v. Brandon, 399 So.2d 459 (Fla. 2d DCA 1981), had occasion to analyze the King case in the following fashion:
In King, the facts reveal that almost all of the criminal activity was performed by the police agent. The agent agreed to commit the offense of gambling and bookmaking; to keep and maintain the hotel room with public funds; and to provide protection money for the corrupt police with public funds. The court noted that although the information charged that the defendants conspired with each other as well as with the police agent to commit the offenses, the evidence did not support that charge. Rather, the agreement and the intention proved by the State was that the police agent would commit the offenses. Since the agent's participation was an integral part of the plan, without his complicity the conspiracy was not proven. The court cited with approval the case of Woo Wai v. United States, 223 F. 412 (9th Cir. 1915), in which a conviction of two persons who conspired with a government agent was reversed. That court stated:
If no violation of the law was to be accomplished by the act of the defendants, it follows that they could not be held for conspiracy to do that act.
Thus, the King court set out the rule that a conspiracy conviction against two or more persons cannot result where the proof shows that some essential ingredient of the substantive crime was performed by, and only by, a government agent acting in the line of duty. 399 So.2d at 461-462 (footnote omitted.)
In McCain v. State, 390 So.2d 779 (Fla. 3rd DCA 1980), the Third District Court of Appeal saw King as distinguishing between a factual situation where two defendants did not conspire with one another but only with the government agent, and one in which the defendants also conspired with each other. That court said of King:
Defendant's remaining contention, that King v. State, 104 So.2d 730 (Fla. 1959) requires reversal, must also fail. In King, the Florida Supreme Court reversed the conspiracy conviction of two defendants upon a finding that although they were charged with conspiring with each other and with a government agent to violate the gambling statutes, the only conspiracy shown by the evidence was a conspiracy with the agent. The government agent in King was to perform an act essential to the crime charged as the object of the conspiracy, and since there was no evidence tending to show that the defendants ever conspired with each other, the court reasoned that the convictions must be reversed. The natural conclusion reached was that there can be no conspiracy where one of the two conspirators lacks the requisite criminal intent; the court drawing a distinction between the situation in King and cases where there is evidence that the defendants conspired with one another as well as the government agent. 390 So.2d at 780.
In the present case, the gravamen of the substantive offense underlying the conspiracy was possession of cannabis. The essential elements of the crime of possession are knowledge of the presence of contraband and the ability to maintain control over it or reduce it to possession. The undisputed facts reflect that defendants came to the scene to gain possession for themselves of a load of cannabis in return for the $240,000. The possession involved in this conspiracy is not the possession of the seller-police agent, but the anticipated possession of the defendants. Therefore, they intended to and agreed with each other to commit all of the ingredients of the crime charged. Simply because the government agents were to deliver the cannabis to the defendants at the scene does not mean the police alone were to commit an essential element of the substantive crime. Rather, *980 as in Brandon, supra, we hold that the government agents' participation was tangential to the gravamen of the substantive offense charged. This clearly differentiates the present case from King. In order to prove the conspiracy here it is not necessary to prove the substantive crime was completed but only that the defendants intended to and agreed with each other to commit the offense of trafficking in marijuana. 16 Fla. Jur.2d, Criminal Law, § 1547. Furthermore, direct proof of the agreement is not necessary to establish the conspiracy; a jury is free to infer from all of the circumstances involved that there was a common purpose to commit the crime. As the court said in McCain, supra:
This court has previously considered the nature of proof necessary in a conspiracy case. As defendant points out, an agreement is the essential element of the crime of conspiracy. However, direct proof of an agreement is not necessary to establish a conspiracy; the jury is free to infer from all the circumstances surrounding and accompanying the act that the common purpose to commit the crime existed. State v. Lamb, 348 So.2d 403 (Fla. 3d DCA 1977). We have also held that it is not necessary to prove a specific conversation in which an agreement was made:
A person charged with a crime may be convicted solely on the basis of circumstantial evidence.... Proof of a formal agreement is not necessary to establish the existence of a conspiracy... . Indeed it is well recognized that the existence of a conspiracy or confederation can and will be inferred from circumstantial evidence as indicative of an overall plan.

Borders v. State, 312 So.2d 247 (Fla. 3d DCA 1975), cert. denied 327 So.2d 31 (Fla. 1976) (citations omitted). 390 So.2d at 780.
Accordingly, the orders appealed from are reversed and the case remanded for further proceedings.
REVERSED AND REMANDED with directions.
LETTS, C.J., and WALDEN, J., concur.