450 So.2d 512 (1984)
Donald George HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1378.
District Court of Appeal of Florida, Fourth District.
March 28, 1984.
Rehearing Denied June 13, 1984.
*513 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Chief Judge.
This is an appeal from a conviction for conspiracy to traffic in cannabis. The main issue on appeal is the sufficiency of the evidence to prove an agreement between the appellant and his alleged coconspirators, the purchasers of the cannabis, in a transaction in which the appellant allegedly acted as a broker. We affirm.
In essence, the proof below relied on by the state to sustain the conviction, reflected that the appellant brought together the purchasers and sellers of the cannabis involved. The sellers turned out to be undercover police officers who arrested appellant shortly after paying him an agreed upon commission. The state's evidence reflected that although the appellant was not directly involved in the final negotiations between the purchasers and the undercover agents, he was actively involved in procuring the purchasers to buy the cannabis. His actions included testing a sample of the cannabis, frequent contacts to keep the negotiations going, an agreement with the sellers to receive a commission, and collection of that commission. There was also evidence presented that appellant's alleged coconspirators stated to the undercover agents that they intended to cut the appellant out of any future deals between the two groups.
At the conclusion of the trial, the jury was instructed:
Before you can find the defendants guilty of criminal conspiracy, the State must prove the following two elements beyond a reasonable doubt:
1. The intent of the defendants was that the offense of trafficking would be committed. In order to carry out the intent, the defendants agreed with each other to cause trafficking to be committed, either by them or one of them, or by some other person.
It is not necessary that the agreement to commit the trafficking be expressed in any particular words, or that words pass between the conspirators.
It is not necessary that the defendant do any act in furtherance of the offense conspired.
In State v. Cristodero, 426 So.2d 977, 980 (Fla. 4th DCA 1982), this court held that direct proof of an agreement between alleged *514 conspirators was not necessary to sustain a conviction:
[D]irect proof of the agreement is not necessary to establish the conspiracy; a jury is free to infer from all of the circumstances involved that there was a common purpose to commit the crime. As the court said in McCain [v. State, 390 So.2d 779 (Fla. 3d DCA 1980)]:
This court has previously considered the nature of proof necessary in a conspiracy case. As defendant points out, an agreement is the essential element of the crime of conspiracy. However, direct proof of an agreement is not necessary to establish a conspiracy; the jury is free to infer from all the circumstances surrounding and accompanying the act that the common purpose to commit the crime existed. State v. Lamb, 348 So.2d 403 (Fla. 3d DCA 1977). We have also held that it is not necessary to prove a specific conversation in which an agreement was made.
We believe the evidence presented by the state was sufficient to meet the requirements for conviction set out in the instructions and in Cristodero.
The appellant suggests that only those directly involved in the negotiations for purchase and sale may be convicted of conspiracy to violate the trafficking statutes. Alternatively, he suggests that only those who were intended to take possession of the contraband are subject to prosecution for conspiracy. We cannot agree with either proposition. First, while it is true that Cristodero and other conspiracy cases relied on by the state appear to have involved persons directly involved in the negotiations to determine the price and quantity of material purchased, that does not mean that others who participated in the transaction may not also be prosecuted. As the trial court's instructions correctly indicate, all of those who intentionally enter into an agreement with others "to cause trafficking to be committed, either by them or one of them, or by some other person" may be guilty of conspiracy to traffic. Clearly, a person who successfully brokers an illegal drug transaction by actively procuring the purchasers to the transaction would appear to be subject to prosecution as one who has agreed with others "to cause trafficking to be committed." Under the evidence presented, the jury could have concluded that appellant played an active role in securing his coconspirators' participation in the deal. Further, as we noted in Cristodero, direct proof of the agreement is not necessary where there is sufficient evidence for the jury to infer that there was an agreement to commit the crime. In this case, the state submitted proof not only of an intent to accomplish the illegal transaction, but proof that the transaction was carried out and that appellant was compensated for procuring his coconspirators to purchase the drugs. We believe this proof is adequate to sustain the jury's verdict.
We have also considered the other issues raised by appellant and find no merit therein. Accordingly, the judgment of conviction is affirmed.
DOWNEY and GLICKSTEIN, JJ., concur.