451 So.2d 986 (1984)
STATE of Florida, Appellant,
v.
Dennis Troy BASS and Charles Wesley Keese, Appellees.
No. 83-1686.
District Court of Appeal of Florida, Second District.
June 13, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellant.
William Fuente, Tampa, for appellee Keese.
No appearance for appellee Bass.
GRIMES, Judge.
Appellees were charged with conspiracy to traffic in marijuana (count I) and trafficking in marijuana (count II). Pursuant to appellees' motions, the court dismissed both counts. The state appeals.
This case arose out of what is commonly referred to as a "reverse-sting" operation. Appellees contacted a confidential informant *987 seeking to purchase marijuana. The informant notified Tampa Police Department personnel who pretended they were in a position to furnish the marijuana. At the appointed time, appellees met with the police to consummate the purchase. An undercover detective delivered the marijuana to Bass who loaded it into his pickup truck while Keese was counting out the money to pay another detective. At this point the appellees were arrested.

Conspiracy to Traffic in Marijuana
Appellees pointed out at the trial level that the substantive offense underlying the conspiracy was the possession of the requisite amount of marijuana, and that they were going to obtain the marijuana from the police. Thus, they successfully argued that there could be no conspiracy because one of the essential ingredients of the substantive crime was to be performed by the police.
In King v. State, 104 So.2d 730 (Fla. 1958), two policemen arranged for Moscovitz to carry on gambling and illegal book-making under their protection. The supreme court dismissed a conspiracy charge against the policemen because Moscovitz was an undercover agent and his conduct in the gambling operation was an "essential ingredient of the offense" which was the object of the conspiracy. Our court in State v. Brandon, 399 So.2d 459 (Fla. 2d DCA 1981), interpreted "essential ingredient of the offense," as stated in King, to mean "essential element of the offense." There defendant and a third party had agreed to sell marijuana to an undercover detective. We held that they could properly be convicted of conspiracy to possess marijuana even though they only would have been able to acquire the marijuana for resale through the use of front money furnished by the detective. The detective's participation was deemed tangential to the crime of possession.
The recent case of State v. Cristodero, 426 So.2d 977 (Fla. 4th DCA 1982), applied these principles to a "reverse-sting" operation. In upholding an information charging three defendants with conspiracy to traffic in cannabis, the court said:
In the present case, the gravamen of the substantive offense underlying the conspiracy was possession of cannabis. The essential elements of the crime of possession are knowledge of the presence of contraband and the ability to maintain control over it or reduce it to possession. The undisputed facts reflect that defendants came to the scene to gain possession for themselves of a load of cannabis in return for the $240,000. The possession involved in this conspiracy is not the possession of the seller-police agent, but the anticipated possession of the defendants. Therefore, they intended to and agreed with each other to commit all of the ingredients of the crime charged. Simply because the government agents were to deliver the cannabis to the defendants at the scene does not mean the police alone were to commit an essential element of the substantive crime. Rather, as in Brandon, supra, we hold that the government agents' participation was tangential to the gravamen of the substantive offense charged. This clearly differentiates the present case from King. In order to prove the conspiracy here it is not necessary to prove the substantive crime was completed but only that the defendants intended to and agreed with each other to commit the offense of trafficking in marijuana.
426 So.2d at 979-80.
Bass and Keese conspired with each other, not with the police, to obtain possession of marijuana. The police were to furnish the marijuana but they were not to perform an essential element of the substantive crime. The police participation was only tangential to the possession, the object of the conspiracy.

Trafficking in Marijuana
Count II was dismissed by virtue of an earlier ruling on appellees' motion in limine which precluded the state from introducing evidence of the marijuana. In granting the motion in limine, the court concluded that *988 the police had no statutory authority to deliver the marijuana. The court also referred to the fact that the marijuana used by the Tampa police had previously been the subject of a federal magistrate's order to destroy it.
We are not aware of the need for specific statutory authority for the police to engage in "reverse-sting" deliveries of controlled substances. Section 893.09(5), Florida Statutes (1981), relieves law enforcement officers from civil or criminal liability as a result of lawful engagement in the enforcement of the laws relating to controlled substances. Moreover, the furnishing of a controlled substance by governmental agents in a "reverse-sting" operation has been held not to constitute entrapment as a matter of law. State v. Brider, 386 So.2d 818 (Fla. 2d DCA), petition for review denied, 392 So.2d 1372 (Fla. 1980). We are not impressed with appellees' technical argument that section 893.13(4), Florida Statutes (1981), has the effect of prohibiting law enforcement agents from delivery, as contrasted to possession, of controlled substances except for medical or scientific purposes.
It may be that the federal authorities were subject to sanction for permitting the Tampa Police Department to use the marijuana. However, the Tampa police acted in good faith. The federal agents who furnished the marijuana told the officers that it was permissible to use the marijuana in a "reverse-sting" operation before it was destroyed. The propriety of such advice in no way diminishes the illegality of appellees' conduct.
We reverse the order of dismissal with respect to both counts and remand for further proceedings.
HOBSON, A.C.J., and SCHOONOVER, J., concur.