460 So.2d 483 (1984)
Alex Washington WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. AV-476.
District Court of Appeal of Florida, First District.
December 10, 1984.
*484 Michael E. Allen, Public Defender; Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee; Barbara Ann Butler, Jacksonville, for appellee.
SHIVERS, Judge.
Appellant Wiggins seeks review of his conviction on charges of conspiracy to traffic in cannabis and trafficking in cannabis. Finding no merit in the allegations of error raised by the appellant, we affirm the judgment and sentences below.
Wiggins was caught in a "reverse sting" operation in which he and his alleged co-conspirators acted as intermediaries between marijuana "smugglers," who were in fact undercover law enforcement agents, and potential buyers. In return the co-conspirator "brokers" were to receive a commission on any marijuana sales. The undercover agents testified at trial that Wiggins and his alleged co-conspirators contacted groups of interested customers in Florida and other states and caused them to travel to Jacksonville with the intention of purchasing portions of the "smugglers'" merchandise. The testimony also revealed that in anticipation of arranging sales the co-conspirators conducted negotiations with the buyers and the undercover agents in numerous meetings and telephone conversations. On two occasions the agents provided sample bales of cannabis for inspection by prospective buyers. One such sample was actually sold with the proceeds of the sale divided between the *485 undercover agents and the co-conspirators as per the commission arrangement. Three planned deliveries of large quantities of cannabis were eventually carried out, at which time Wiggins and the other co-conspirators were arrested. At no time did Wiggins or any of his co-conspirators have possession of the marijuana or knowledge of its storage location. At trial the prosecution relied solely upon delivery as the basis of their alleged involvement in trafficking activity, abandoning all allegations of possession of cannabis.
On appeal, Wiggins asserts that the trial court erred in failing to grant his motion for judgment of acquittal on the charge of conspiracy to traffic in cannabis where the evidence did not establish the elements of the offense as to appellant in that, (1) appellant was merely a broker, and (2) an essential element of the crime was performed by law enforcement agents.
The criminal liability of persons acting as drug "brokers" charged with conspiracy to traffic has been addressed recently in two cases, Orantes v. State, 452 So.2d 68 (Fla. 1st DCA 1984), and Harris v. State, 450 So.2d 512 (Fla. 4th DCA 1984). The Harris court agreed with the instant trial judge's instructions that all those who intentionally entered into an agreement with others to cause trafficking to be committed, either by them or one of them, or by some other person, may be guilty of conspiracy to traffic and concluded that "a person who successfully brokers an illegal drug transaction by actively procuring the purchasers to the transaction would appear to be subject to prosecution as one who has agreed with others "to cause trafficking to be committed.'" Id. at 514. In Orantes, this court rejected the appellant's contention that his role as drug broker made him a mere go-between in a transaction involving others. 452 So.2d at 70-71.
In the instant case, the State adduced evidence from which a jury could reasonably find that Wiggins was actively involved in meetings and phone conversations aiding the negotiations; that he was responsible for the introduction of potential buyers into the scheme, and that he was to receive a commission for his services and did, in fact, receive a commission from the sale of a sample bale. Drawing every inference in favor of the State, the record is sufficient to support a finding that Wiggins intentionally entered into an agreement with his fellow brokers to cause trafficking to be committed. The trial court, therefore, properly denied the motion for judgment of acquittal on this point.
The appellant further argues that judgment of acquittal was mandated by the involvement of law enforcement officers in the trafficking scheme, in reliance upon the Florida Supreme Court's ruling in King v. State that:
where two or more persons conspire with another who is, unknown to them, a government agent acting in the line of duty, to commit an offense under an agreement and an intention that an essential ingredient of the offense is to be performed by, and only by, such government agent, such persons may not legally be convicted of a conspiracy. (emphasis supplied) 104 So.2d 730, 733 (Fla. 1958).
See also State v. Brandon, 399 So.2d 459 (Fla. 2d DCA 1981); State v. Cristodero, 426 So.2d 977 (Fla. 4th DCA 1982); Priest v. State, 450 So.2d 318 (Fla. 1st DCA 1984); State v. Bass, 451 So.2d 986 (Fla. 2d DCA 1984).
In the instant case, the substantive offense charged was trafficking in cannabis by delivery. Delivery is defined as the actual, constructive, or attempted transfer from one person to another of a controlled substance. § 893.02(4), Florida Statutes. The appellant contends that the undercover agents in supplying the cannabis, maintaining it at a location unknown to the appellant and actually executing the physical transfer performed an essential element necessary to such delivery. We find, however, that although the agents made the actual physical transfer the State's evidence could still reasonably warrant a finding of constructive delivery so as to support the conspiracy charge. The evidence *486 permitted a finding that the co-conspirators did agree among themselves to cause the deliveries to occur and that the deliveries did in fact occur by virtue of the activities of the "brokers" undertaken in furtherance of this agreement. Under the circumstances presented there was no error in denial of the motion for judgment of acquittal.
The final issue raised by Wiggins is whether the trial court erred in permitting the introduction of hearsay statements of his alleged co-conspirators as evidence on the charged trafficking offenses. A hearsay statement of a defendant's alleged co-conspirators is admissible against the defendant if the statement was made during the pendency of the conspiracy and in furtherance thereof, provided that there is evidence of the conspiracy independent of the hearsay testimony. The requirement of independent evidence is a condition of admissibility. Boyd v. State, 389 So.2d 642, 644 (Fla. 2d DCA 1980). Accord Briklod v. State, 365 So.2d 1023 (Fla. 1978); Tresvant v. State, 396 So.2d 733 (Fla. 3d DCA 1981). This principle was adopted in the Florida Evidence Code at § 90.803(18), Florida Statutes (1979). Review of the record in the instant case confirms that independent evidence of the existence of the conspiracy was adduced at trial, thereby establishing a predicate for the admission of hearsay statements.
Finding no merit in the appellant's contentions of error, we affirm the judgment and sentences rendered below.
WENTWORTH, J., concurs.
NIMMONS, J., specially concurs.
NIMMONS, Judge, specially concurring.
I write only to clarify my view regarding the applicability of the King rule to the conspiracy charge.
In order to determine the applicability of the King rule, one looks to the crime conspired to be committed, in this instance delivery of cannabis. It is then necessary to determine whether the defendant/conspirators could have performed the elements of a delivery or whether, instead, the undercover officers were the only ones who could effectuate delivery. Although only one person, in this instance a law enforcement officer, might effect the actual physical delivery, others who neither saw nor touched the drugs might still be convicted of the delivery as principals. See State v. Dent, 322 So.2d 543 (Fla. 1975); Beasley v. State, 360 So.2d 1275 (Fla. 4th DCA 1978); Stephenson v. State, 371 So.2d 554 (Fla. 2nd DCA 1979). I believe that the Florida Supreme Court's decision in King was not intended to reach the type situation which we have in the case at bar.