594 So.2d 321 (1992)
Gwen D. GRISSETT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0941.
District Court of Appeal of Florida, Fourth District.
February 12, 1992.
Rehearing and/or Certification Denied and Stay of Mandate Denied March 27, 1992.
*322 Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant seeks reversal of her conviction and sentence arising out of charges that she purchased cocaine within 1000 feet of a school in violation of Chapter 893, Florida Statutes (1989).
Several appellate points have been presented, but only one requires any discussion. We find reversible error demonstrated in Point III, which asserts that appellant's due process rights were violated by the conduct of the police in manufacturing and selling the cocaine involved.
This court has recently held that the manufacture of cocaine rocks by law enforcement agencies for use by them in reverse sting operations cannot be condoned and "rises to the level of a violation of the constitutional principles of due process of law." Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1991). Were that all we have to consider, this case could be disposed of by simply citing Kelly. However, appellee points out that the constitutional argument in this case has not been preserved because it was not made below. Generally, that would be a sufficient ground to hold that the issue was waived, but not if the issue goes to the foundation of the case or goes to the merits of the cause of action. That constitutes error so fundamental that it may be considered for the first time on appeal. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970); D'Oleo-Valdez v. State, 531 So.2d 1347 (Fla. 1988). As the supreme court said in Ray v. State, 403 So.2d 956, 960 (Fla. 1981):
This Court has indicated that for error to be so fundamental that it may be urged on appeal, though not presented below, the error must amount to a denial of due process. Castor v. State, 365 So.2d 701, 704 n. 7 (Fla. 1978). See State v. Smith, 240 So.2d 807 (Fla. 1970).
Accordingly, we have considered appellant's third point suggesting a lack of due process, based upon the outrageous police conduct in manufacturing the cocaine involved in this case. We reverse the judgment of conviction and sentence herein upon authority of Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1992).
The case is remanded to the trial court with directions to discharge appellant.
DOWNEY, ANSTEAD and POLEN, JJ., concur.