PER CURIAM
We affirm the defendant’s judgment. Appellant was charged with the unlawful act of purchase of a controlled substance pursuant to section 893.13(l)(e) and (l)(a)l, Florida Statutes (1989). Hence, his argument that he thought he was purchasing one controlled substance — marijuana— when he actually purchased another controlled substance — cocaine—is immaterial. Knowledge of the particular nature of the controlled substance is not a required element of a charge of purchase under section 893.13(l)(e) or (l)(a)l, Florida Statutes. See State v. Ryan, 413 So.2d 411 (Fla. 4th *216 DCA), rev. denied, 421 So.2d 518 (Fla.1982).
However, as both parties request, we remand as to his sentence with direction to correct the written sentence to conform with the trial court’s oral pronouncement at the sentencing hearing. At the sentencing hearing, the trial court imposed the three year minimum mandatory sentence. The written sentence reflects a sentence of three and one-half years. The trial court’s written sentence must conform with its oral pronouncements at the sentencing hearing. McBee v. State, 581 So.2d 1009, 1010 (Fla. 4th DCA 1991); Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987).
GLICKSTEIN, C.J., concurs.
STONE and FARMER, JJ., concur specially with opinions.