602 So.2d 577 (1992)
Ronald PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2596.
District Court of Appeal of Florida, Fourth District.
May 20, 1992.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We reverse the appellant's conviction and sentence on the authority of Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1992) and Grissett v. State, 594 So.2d 321 (Fla. 4th DCA 1992).
In Kelly, we held that, in a "sting" operation, the use of cocaine rock manufactured by the sheriff without statutory authority violates due process, further mandating the defendant's discharge. In Grissett, we further held that such an event constituted fundamental error mandating the application of Kelly when it appeared in the record but was not raised at trial, or on appeal prior to Kelly.
In Williams v. State, 593 So.2d 1064 (Fla. 4th DCA 1992), we certified the following question to the supreme court:
DOES THE SOURCE OF ILLEGAL DRUGS USED BY LAW ENFORCEMENT PERSONNEL TO CONDUCT REVERSE STINGS CONSTITUTIONALLY SHIELD THOSE WHO BECOME ILLICITLY INVOLVED WITH SUCH DRUGS FROM CRIMINAL LIABILITY?
Here, the state attempts to distinguish Kelly and revisit Grissett, noting that there is testimony in the record, not present in Kelly, that the sheriff's department used its manufactured cocaine rock, rather than confiscated rock, because its cocaine contained no toxic additives. The state argued at trial:
Using the street cocaine that we've seized, it can be cut with many different things, including arsenic or things of this nature.
If a defendant should for some reason swallow these [street] drugs, then his life is much more in jeopardy than if he had just ingested the crack on its own. The crack cocaine that's manufactured is pure  made from pure cocaine and there are no additives.
The state also argues that here no drugs were "lost" to the streets. However, we do not consider these distinctions a sufficient basis for an exception to Kelly, as clearly the result in Kelly is based on the issue of illegality and not on the escape of a portion of the drugs into the community. Obviously, concern for the loss of some of the drugs to the streets applies equally to those drugs which were legally confiscated and used in a "sting" operation, as well as to those illegally manufactured.
The state also asserts that Kelly and Grissett conflict with State v. Bass, 451 So.2d 986 (Fla. 2d DCA 1984), which the trial court presumably would have followed prior to Kelly. In Bass, the court reversed *578 a trial court order dismissing charges based on police use, in a sting operation, of marijuana which a federal court previously ordered destroyed. The state argues that if Kelly is simply a change in the law from that recognized in Bass, the defendant must object at trial to preserve the issue. Clearly, such a result would be inconsistent with our holding in Grissett. However, we do note the possible conflict with Bass.
In Kelly, we indicated that this court was unable to resolve the issue en banc. Therefore, we recertify the question certified in Williams and remand for further proceedings. Additionally, we reject the suggestion that we defer ruling, noting that this court has similarly reversed convictions in other appeals on the same authority. E.g., Hamilton v. State, 596 So.2d 175, (Fla. 4th DCA April 15, 1992).
ANSTEAD and GUNTHER, JJ., concur.