604 So.2d 550 (1992)
David James NERO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2515.
District Court of Appeal of Florida, Fourth District.
August 19, 1992.
Kevin J. Kulik of Kay, Bogenschutz and Dutko, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse appellant's conviction on the authority of Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1992), and Grissett v. State, 594 So.2d 321 (Fla. 4th DCA 1992), and remand to the trial court with instructions to discharge appellant. As we did in Johnson v. State, 599 So.2d 1057 (Fla. 4th DCA 1992), Sheffield v. State, 599 So.2d 1057 (Fla. 4th DCA 1992), Palmer v. State, 602 So.2d 577 (Fla. 4th DCA 1992), and Williams v. State, 593 So.2d 1064 (Fla. 4th DCA 1992)[1], we again certify the following question to the Florida Supreme Court as a question of great public importance:
DOES THE SOURCE OF ILLEGAL DRUGS USED BY LAW ENFORCEMENT PERSONNEL TO CONDUCT REVERSE STINGS CONSTITUTIONALLY SHIELD THOSE WHO BECOME ILLICITLY INVOLVED WITH SUCH DRUGS FROM CRIMINAL LIABILITY?
REVERSED AND REMANDED WITH DIRECTIONS; QUESTION CERTIFIED.
DOWNEY and FARMER, JJ., concur.
HERSEY, J., concurs specially with opinion.
HERSEY, Judge, concurring specially.
I concur only because I am obliged by precedent to do so.
NOTES
[1] But see Robertson v. State, 605 So.2d 94 (Fla. 4th DCA 1992), Mercano v. State, 600 So.2d 572 (Fla. 4th DCA 1992), Walker v. State, 600 So.2d 42 (Fla. 4th DCA 1992), Fox v. State, 600 So.2d 501 (Fla. 4th DCA 1992), Rhodes v. State, 597 So.2d 974 (Fla. 4th DCA 1992), Hamilton v. State, 596 So.2d 175 (Fla. 4th DCA 1992), Grissett v. State, 594 So.2d 321 (Fla. 4th DCA 1992), Rivera v. State, 593 So.2d 1063 (Fla. 4th DCA 1992), and Scott v. State, 593 So.2d 1064 (Fla. 1992), all of which involve the same crack cocaine manufactured by Sheriff Navarro, where we failed (for some unarticulated reason) to certify the same question.