PER CURIAM.
We reverse appellant’s conviction on the authority of Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA1991) and Grissett v. State, 594 So.2d 321 (Fla. 4th DCA1992), and remand to the trial court with instructions to discharge appellant. We note that this court has previously certified the following question to be of great public importance:
DOES THE SOURCE OF ILLEGAL DRUGS USED BY LAW ENFORCEMENT PERSONNEL TO CONDUCT REVERSE STINGS CONSTITUTIONALLY SHIELD THOSE WHO BECOME ILLICITLY INVOLVED WITH SUCH DRUGS FROM CRIMINAL LIABILITY?
Nero v. State, 604 So.2d 550 (Fla. 4th DCA1992); Johnson v. State, 599 So.2d 1057 (Fla. 4th DCA1992); Sheffield v. State, 599 So.2d 1057 (Fla. 4th DCA1992); Palmer v. State, 602 So.2d 577 (Fla. 4th DCA1992); and Williams v. State, 593 So.2d 1064 (Fla. 4th DCA1992).
We now certify a similar question, which we believe more accurately reflects the issue decided in Kelly:
DOES A POLICE AGENCY’S CONVERSION OF POWDER COCAINE INTO “CRACK” OR ROCK COCAINE FOR SUBSEQUENT USE IN A REVERSE STING SALE CONSTITUTE ILLEGAL MANUFACTURE OF THE DRUG UNDER CHAPTER 893, FLORIDA STATUTES (1989), AND IF SO, DOES THIS AMOUNT TO A DEPRIVATION OF DUE PROCESS AS WOULD SHIELD FROM PROSECUTION A DEFENDANT ACCUSED OF PURCHASING THIS CRACK COCAINE?
REVERSED and QUESTION CERTIFIED.
DELL, WARNER and POLEN, JJ., concur.