PER CURIAM..,
Appellant, Jamal Hassoun, brings this appeal from the trial court’s denial of his post-conviction motion seeking relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand to the trial court with instructions to afford appellant a new trial.
Appellant’s initial trial took place prior to this court’s decisions in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1992) and Grissett v. State, 594 So.2d 321 (Fla. 4th DCA 1992). In Kelly we held that use by the police of crack cocaine manufactured in the police laboratory violated the right to due process of a defendant accused of purchasing the crack cocaine in a reverse sting operation. Kelly, 593 So.2d at 1061. In Grissett we held that this issue could be raised for the first time on appeal. Grissett, 594 So.2d at 322.
During appellant’s trial, the following testimony was adduced on direct examination of one of the police officers instrumental in affecting appellant’s arrest:
Q. [By Counsel for the State]: Okay. By the way, where did you get the cocaine from?
A. The Broward County Sheriffs Office Laboratory.
Q. Okay. Now why — could you tell the jurors, why you don’t use cocaine that you’ve confiscated from other cases?
A. Why don’t we use cocaine from what we confiscated from other cases?
Q. Yes.
A. You mean, say we did one prior to this one?
Q. Yes.
*1348 A. Each cocaine or marijuana or cocaine powder that we take from a Defendant we put into evidence. Therefore, we don’t take the cocaine that he used and mix it up with someone else’s cocaine unless he asked for five. In that instance we take one cocaine or one marijuana or one cocaine powder and put that into evidence and put the rest into stock to keep our supply intact.
(Emphasis added.)
Appellant’s trial counsel did not inquire further as to the source of the crack cocaine. Counsel did not argue that the cocaine was police-manufactured and use of such cocaine violated his client’s right to due process. On appeal, appellant was allowed to file a supplemental brief to present the Kelly and Grissett issues. The state responded by arguing that the testimony adduced at trial did not demonstrate that the crack appellant purchased had been manufactured by the Sheriff’s Office. The state asserted:
This record is completely devoid of any evidence that the Broward County Laboratory manufactured the cocaine used in this case. Merely because the cocaine was stocked in the lab does not mean that Appellant can take a quantum leap and assume that the cocaine he purchased was manufactured by the police, absent evidence to the contrary.
(Appellee’s Supplemental Brief at 5) (emphasis in original).
Appellant attempted to supplement the record on appeal with an affidavit from his trial counsel attesting to the fact that the crack cocaine had been manufactured by the Sheriff’s Office. Attached to the affidavit was an undated letter from the Sheriff’s chemist stating that “[t]he substance used in the manufacture of batch 89-A had been previously analyzed by me and had revealed the presence of cocaine.” The letter did not include any reference to appellant’s name or case number; however, appellant’s trial counsel testified that the letter was a part of his file in the case. This court denied appellant’s motion to supplement the record.
This court affirmed appellant’s conviction on appeal. The majority opinion did not address the Kelly issue. In a special concurrence, Judge Farmer stated:
I also agree with the rest of the panel that our recent decisions in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1992) and Grissett v. State, 594 So.2d 321 (Fla. 4th DCA 1992), do not apply to this case. There is no evidence in this record that the cocaine sold was crack cocaine manufactured by the Sheriff. In fact the only record evidence on the subject is that the cocaine sold was taken from cocaine seized in a prior arrest of another person.
Hassoun v. State, 599 So.2d 215, 218 (Fla. 4th DCA 1992).
Neither party filed a motion for rehearing and mandate issued. On remand, appellant filed a Florida Rule of Criminal Procedure 3.850 motion apparently believing this to be the best vehicle for presenting additional evidence that the crack cocaine had been manufactured by the Sheriff’s office. Hassoun presented two grounds for his motion: 1) application of this court’s decisions in Kelly and Grissett; and 2) ineffective assistance of trial counsel.
During the Rule 3.850 hearing the' state admitted that the crack cocaine Hassoun purchased was manufactured in the Bro-ward County Sheriff’s laboratory. The following exchange occurred:
MR. JAKOVICH [Counsel for appellant]: Judge, I basically filed this motion at the suggestion of the appellate counsel. She argued it on appeal and the mandate just came down on the 18th. What happened was the appellate court was not provided with any kind of sufficient testimony or evidence in the record to show that, in fact, that this cocaine was manufactured by the Broward Sheriff’s Office.
She thought it might be most expeditious if we were to go back in front of the trial court and have this motion heard on a 3.850 basis, therefore I filed the motion. ...
[[Image here]]
*1349 THE COURT: The cocaine in question is in this case?
MR. SILVERSHEIN [Counsel for the State]: It’s batch cocaine, yes, sir.
THE COURT: Is it? Because the probable cause affidavit doesn’t establish that. MR. JAKOVICH: Right. I think even if you look at the Hassoun opinion that came down from the fourth, they weren’t sure what the status was.
MR. SILVERSHEIN: I would note that in discovery it was provided. There was provided a lab report in which the chemist, Randy Hilliard, submitted that the cocaine was from Batch 89-A, which is batch cocaine.
MR. JAKOVICH: Just for the record, Judge, I believe Mr. Silvershein has checked on it and confirmed it, is that correct?
MR. SILVERSHEIN: That’s correct.
MR. JAKOVICH: That it was BSO manufactured cocaine.
(Emphasis added.)
Appellant’s counsel argued that the issue before the court was not an issue of retroactive application of Kelly and Grissett, but rather an issue of prospective application of Kelly and Grissett, in that our decisions in those cases predated the opinion of this court in Hassoun.[1] The trial court denied appellant’s rule 3.850 motion on the ground that Kelly and Grissett should not be applied retroactively.
Appellant’s Rule 3.850 motion should have been granted. The combined effect of several factors have resulted in an injustice which cannot stand. The issue of the potential due process violation arising from use of police-manufactured crack cocaine in reverse sting operations was preserved for appeal in several cases tried prior to the trial in appellant’s case. Yet, appellant’s trial counsel did not adequately cross-examine the state’s witness to make a clear record as to the source of the crack cocaine appellant allegedly purchased. This lack of clarity in the record on appeal was further compounded by the state’s blatant, misrepresentation of the facts in appellant’s initial appeal to this court. In fact, despite the state’s crystal clear concession at the Rule 3.850 hearing that the subject crack cocaine was manufactured in the Broward Sheriff’s Office laboratory, the state continues to argue, even at this level of the proceedings, that there is no evidence demonstrating that the crack cocaine was police-manufactured. It was the state’s misrepresentation of the facts that caused this court to initially conclude that Kelly and Grissett did not apply to appellant’s case.
It is now apparent that Kelly and Gris-sett do apply to the instant case. On the authority of Kelly and Grissett we reverse appellant’s conviction and remand with instructions to afford appellant a new trial. Of course, if prior to or during the trial, it is established that the subject cocaine was manufactured by the Sheriff of Broward County, as the state’s trial counsel has conceded, then application of Kelly and Grissett would mandate appellant’s discharge.
DOWNEY, GUNTHER and POLEN, JJ., concur.

. We note that appellant’s Rule 3.850 motion included allegations that Kelly and Grissett should be applied retroactively, even though appellant’s initial appeal took place subsequent to our decisions in Kelly and Grissett. The instant appeal does not concern, nor do we address the issue of retroactive application of these decisions.