PER CURIAM.
We have for review Palmer v. State, 602 So.2d 577, 578 (Fla. 4th DCA 1992), in which the Fourth District Court of Appeal certified the same question that it certified in Williams v. State, 593 So.2d 1064 (Fla. 4th DCA 1992). In Williams, the court certified the following question:
DOES THE SOURCE OF ILLEGAL DRUGS USED BY LAW ENFORCEMENT PERSONNEL TO CONDUCT REVERSE STINGS CONSTITUTIONALLY SHIELD THOSE WHO BECOME ILLICITLY INVOLVED WITH SUCH DRUGS FROM CRIMINAL LIABILITY?
Palmer, 602 So.2d at 577 (quoting Williams, 593 So.2d at 1064). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
In the instant ease, the district court reversed Palmer’s conviction for purchasing crack cocaine within one thousand feet of a school because it found that the law enforcement officials’ conduct in illegal manufacturing of a controlled substance violated the due process clause of the Florida Constitution.[1] The district court cited its decision in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), review denied, 599 So.2d 1280 (Fla.1992), as the basis of the reversal.
The district court rejected the State’s argument that Kelly was distinguishable because the instant case did not contain allegations that the police lost portions of the crack cocaine during the reverse-sting operation. The district court reasoned that it based its decision on the “issue of illegality and not on *473 the escape of a portion of the drugs into the community.” Palmer, 602 So.2d at 577. The district court also recertified the question stated in Williams. Id. at 578.
We addressed this issue in State v. Williams, 623 So.2d 462 (Fla.1993), where we held
that the illegal manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation within one thousand feet of a school constitutes governmental misconduct which violates the due process clause of the Florida Constitution.
623 So.2d at 463. We agree with the district court below that the police conduct violates due process because of the illegal conduct in manufacturing the dangerous controlled substance. The fact that some of the crack cocaine escapes into the community applies equally to seized crack cocaine and the cocaine manufactured by the Broward County Sheriffs Office. Thus, we agree with the district court that the facts in the instant case show that the police violated the due process clause of the Florida Constitution.
Accordingly, we approve the decision of the district court below.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, j., dissents.

. Art. I, § 9, Fla. Const.